UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIEZER TORRES, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:13-cv-1335 (SRU) |
| | : | |
| TOWN OF BRISTOL, et al., | : | |
|     Defendants. | : | |

RULING ON MOTION TO COMPEL

The plaintiff, Eliezer Torres, seeks to compel the defendants to respond to interrogatories and requests for production of documents he served on November 18, 2014, in response to the defendants' motion for summary judgment. For the reasons that follow, the plaintiff's motion is denied.

In this action, Torres asserts claims for false arrest, false imprisonment, illegal forfeiture of property, intentional infliction of emotional distress, deliberate indifference, municipal liability and invasion of privacy stemming from his arrest on October 26, 2010. His complaint, liberally construed, also makes out an excessive force claim, though he does not specifically enumerate it along with the others. The defendants have moved for summary judgment on all claims. In the motion Torres argues that he requires the discovery responses to enable him to oppose the pending motion for summary judgment.

Rule 56(d), Fed. R. Civ. P., allows the court to defer consideration of a motion for summary judgment if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Torres has not submitted such an affidavit as part of his opposition papers. However, as Torres is proceeding *pro se*, the court

will consider this motion as submitted pursuant to Rule 56(d) and determine whether deferral is warranted.

Torres notes that several of the defendants state in their affidavits that Detective Brasche and other police officers arranged for a confidential informant to conduct three purchases of heroin from Torres. He argues that he needs to know which officers knew of the actions. Torres argues that the statements were false and that these false statements were used to obtain the search warrant of his residence. He further argues that the motor vehicle stop and arrest at issue in this case was based on the allegedly improper search warrant that was not executed until after his stop and arrest.

The defendants have moved for summary judgment on Torres's false arrest and false imprisonment claims on the ground, *inter alia*, that Torres cannot state a cognizable claim because he was convicted of the charges. Although the information Torres seeks might be used to challenge a conviction based on the search warrant, it is not useful in opposing the defendants' argument. In response to the claims that the motor vehicle stop was unlawful, the defendants have presented evidence that Torres was stopped because defendants Brasche and Plasczynski observed activity suggesting that Torres was selling narcotics. Torres does not challenge these statements. The court concludes that the information sought through this motion to compel does not satisfy the requirements of Rule 56(d). The court will consider the motion for summary judgment based on the papers previously submitted by the parties.

In conclusion, Torres's motion to compel [**Doc. #47** ] is **DENIED**

**SO ORDERED** this 24th day of March 2015 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

Case 3:13-cv-01335-SRU   Document 55   Filed 03/24/15   Page 3 of 3